LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, 8th Floor
New York, NY 10011
(212) 465-1180
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| TOUSSAINT WORTHAM, *on behalf of himself and all others similarly situated*, | Case No.: |
| Plaintiff, | **CLASS AND COLLECTIVE ACTION COMPLAINT** |
| -against- | |
| TOTAL TRANSPORTATION CORP., BROOKLYN TRANSPORTATION CORP., BELLA BUS CORP., QUALITY TRANSPORTATION CORP., L & M BUS CORP., MAGGIES PARATRANSIT CORP., GVC II INC., MAT BUS CORP., 21ST AVE BUS CORP., AGOSTINO VONA, and JOHN CRONIN, | JURY TRIAL DEMANDED |
| Defendants. | |

---

**COMPLAINT**

Plaintiff TOUSSAINT WORTHAM ("Plaintiff"), on behalf of himself and all others similarly situated, by and through his undersigned attorneys, as and for his Complaint against Defendants TOTAL TRANSPORTATION CORP ("TTC"), BROOKLYN TRANSPORTATION CORP. ("BTC"), BELLA BUS CORP. ("BBC"), QUALITY TRANSPORTATION CORP. ("QTC"), L & M BUS CORP. ("L&M"), MAGGIES PARATRANSIT CORP. ("MPC"), GVC II INC. ("GVC"), MAT BUS CORP. ("MAT"), 21ST AVE BUS CORP. ("21A"), AGOSTINO VONA ("Vona"), and JOHN CRONIN ("Cronin") (TTC, BTC, BBC, QTC, L&M, MPC, GVC, MAT, and 21A collectively referred to herein as "Corporate Defendants"; Vona and Cronin

collectively referred to herein as "Individual Defendants"; Corporate Defendants and Individual Defendants collectively referred to herein as "Defendants"), states on information and belief as follows:

## INTRODUCTION

1. Plaintiff brings this action on behalf of himself and all others similarly situated to recover unpaid regular, overtime, and spread-of-hours wages, statutory penalties, liquidated damages, interest, and reasonable attorney's fees and costs under the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201 *et seq.*) and the wage orders promulgated thereunder by the U.S. Department of Labor and codified at 29 C.F.R. § 500 *et seq.* ("FLSA"), and Articles 6 and 19 of the New York Labor Law and the wage orders promulgated thereunder by the New York State Department of Labor and codified at 12 N.Y.C.R.R. §§ 135-146 ("NYLL").

2. Defendants own and operate a bussing conglomerate. Plaintiff and others similarly situated worked for Defendants as bus drivers and other laborers. Plaintiff and others similarly situated regularly worked in excess of 40 hours per week for Defendant, but were not compensated properly for all of the hours they worked, or for their overtime hours.

## PARTIES, JURISDICTION, AND VENUE

3. At all times relevant herein, Plaintiff was and is a resident of the State of New York, Kings County. Plaintiff's consent to sue is submitted herewith as **Exhibit 1**.

4. At all times relevant herein, Defendant TTC was and is a domestic business corporation duly organized under and existing by virtue of the laws of the State of New York, and having its principal place of business at 3167 Atlantic Avenue, Brooklyn, New York ("Atlantic Avenue Garage").

5. At all times relevant herein, Defendant TTC was and is a domestic business

corporation duly organized under and existing by virtue of the laws of the State of New York, and having its principal place of business at the Atlantic Avenue Garage.

6. At all times relevant herein, Defendant BBC was and is a domestic business corporation duly organized under and existing by virtue of the laws of the State of New York, and having its principal place of business at the Atlantic Avenue Garage.

7. At all times relevant herein, Defendant QTC was and is a domestic business corporation duly organized under and existing by virtue of the laws of the State of New York, and having its principal place of business at the Atlantic Avenue Garage.

8. At all times relevant herein, Defendant L&M was and is a domestic business corporation duly organized under and existing by virtue of the laws of the State of New York, and having its principal place of business at the Atlantic Avenue Garage.

9. At all times relevant herein, Defendant MPC was and is a domestic business corporation duly organized under and existing by virtue of the laws of the State of New York, and having its principal place of business at the Atlantic Avenue Garage.

10. At all times relevant herein, Defendant GVC was and is a domestic business corporation duly organized under and existing by virtue of the laws of the State of New York, and having its principal place of business at the Atlantic Avenue Garage.

11. At all times relevant herein, Defendant MAT was and is a domestic business corporation duly organized under and existing by virtue of the laws of the State of New York, and having its principal place of business at the Atlantic Avenue Garage.

12. At all times relevant herein, Defendant 21A was and is a domestic business corporation duly organized under and existing by virtue of the laws of the State of New York, and having its principal place of business at the Atlantic Avenue Garage.

13. All of the Corporate Defendants' locations within the State of New York, including specifically but without limitation the New York locations listed on their website[1] (submitted herewith as **Exhibit 2**), are operated as a single enterprise. All such locations are engaged in related activities, share common ownership and/or management, and have a common business purpose. The Corporate Defendants' employees operate interchangeably out of the Corporate Defendants' New York locations and use vehicles and equipment without regard to the nominal ownership of the Corporate Defendants. The Corporate Defendants provide the same terms of employment to employees at all locations pursuant to their collective bargaining agreement with the International Union of Journeymen and Allied Trades.

14. The Corporate Defendants engage in an enterprise whose annual volume of sales made or business done is not less than $500,000, the activities of which affect interstate commerce in that the employees of the Corporate Defendants handle goods and materials produced outside of New York (including vehicles, tools, cleaning supplies, and other items) that have moved in interstate commerce, and the Corporate Defendants are thus employers subject to the jurisdiction of the FLSA.

15. At all times relevant herein, Defendant Vona was and is a citizen and resident of the State of New York, Nassau County.

16. Vona is identified as the chief executive officer of TTC, BTC, QTC, L&M, MPC, MAT, and 21A in their filings with the New York Department of State. Vona was or is also an owner, shareholder, officer, director, manager, and/or supervisor of one or both of BBC and GVC.

17. At all times relevant herein, Defendant Cronin was and is a citizen and resident of the State of New York, Nassau County.

---

[1] https://totalbusco.com (last accessed February 13, 2020).

18. Cronin is identified as the chief executive officer of BBC in its filings with the New York Department of State. Cronin was or is also an owner, shareholder, officer, director, manager, and/or supervisor of one or more of the other Corporate Defendants.

19. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331, in that this action arises under the FLSA. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367, because those claims are related to Plaintiff's federal claims and form part of the same case or controversy.

20. This Court has personal jurisdiction over the Corporate Defendants in that they are incorporated in the state of New York and have their principal places of business therein.

21. This Court has personal jurisdiction over the Individual Defendants in that they are citizens and residents of the State of New York.

22. This Court is a proper venue for this action pursuant to 28 U.S.C. § 1391(b), because one or more Defendants reside in this district and the events giving rise to Plaintiff's claims occurred herein.

## JURY DEMAND

23. Plaintiff demands a trial by jury of all issues so triable in this action.

## STATEMENT OF FACTS

*Wage And Hour Allegations*

24. Defendants own and operate an enterprise that provides bussing services to public entities and private individuals in the New York City area and elsewhere.

25. Since in or around March 2019, Plaintiff has worked for Defendants as a bus driver. Neither Plaintiff nor any of the other drivers employed by Defendants are required to travel outside of the State of New York on more than a *de minimis* basis. Thus Plaintiff and others similarly

situated are not exempt from the overtime regulations of the FLSA and NYLL pursuant to FLSA § 213(b)(1) and 12 N.Y.C.R.R. § 142-2.2.

26. Plaintiff typically works 5 night shifts per week, Sunday through Thursday, as well as 2-3 day shifts per week on varying days. Plaintiff's night shifts are scheduled to run for 7 hours, from 9 P.M. until 2 A.M., but he is occasionally required to work 8 hours or longer. Plaintiff's day shifts are typically 8 to 9 hours long. All told, Plaintiff works an average of approximately 51 to 67 hours or more per week.

27. Plaintiff is paid a set amount no matter how many hours he works during a week. For his night shifts, Plaintiff is paid at a rate of $17.75 per hour for 7 hours, for a total of $124.25 per shift and $621.25 per week, no matter how many hours he actually works. For his day shifts, Plaintiff is paid at the same rate ($17.75 per hour) for 5 hours, for a total of $88.75 per shift and $177.50 to $266.25 per week.

28. Plaintiff is paid for his day shifts and night shifts by separate checks, with his hours clocked separately. All of his hours worked, including hours in excess of 40 per week, are paid at the rate of $17.75 per hour.

29. As a result of Defendant's pay policies, Plaintiff and others similarly situated are routinely not paid for a significant amount of worked time per week, including overtime hours. Throughout his employment with Defendants, Plaintiff has routinely worked 6-17 or more hours per week for which he has not been paid, either at his regular hourly rate or at the overtime premium rate for hours worked in excess of 40 per week.

30. These unpaid hours additionally serve to reduce the average hourly wage of Plaintiff and others similarly situated to below the applicable NYLL minimum wage.

31. Furthermore, on days where Plaintiff works over 10 hours per day, he does not

receive spread-of-hours compensation as required under the NYLL.

32. Defendants also failed to properly record the unpaid time Plaintiff and others similarly situated worked, and thereby failed to make and keep accurate payroll records and provided Plaintiff and others similarly situated with fraudulent wage statements in violation of the FLSA and NYLL.

33. Defendants were or should have been aware of their statutory requirements as employers, including specifically but without limitation the requirements under the FLSA and NYLL to pay Plaintiff and others similarly situated for all of the time they worked (and to pay hours over 40 per week at the premium overtime rate), to pay spread-of-hours compensation when Plaintiff and others similarly situated worked in excess of 10 hours per day, and to make and preserve proper payroll records.

34. However, Defendants knowingly failed to pay Plaintiff and others similarly situated all of the regular and overtime wages to which they were entitled, and to make and preserve proper payroll records.

35. As such, the various violations of the FLSA and NYLL alleged herein were committed knowingly, willfully, and intentionally by Defendants.

36. Furthermore, these violations are ongoing, as Defendants continue to engage in the wrongful conduct described herein.

*Defendants are Joint Employers*

37. At all times relevant herein, the Corporate Defendants were and are parents, subsidiaries, or otherwise affiliated with each other.

38. The Corporate Defendants are a unified operation and joint enterprise in which all of the activities of the Corporate Defendants and other entities are related to each other.

39. The Corporate Defendants are all operated as a single business unit or economic entity. As a matter of economic reality there is no differentiation between the individual Corporate Defendants and the enterprise as a whole.

40. The Corporate Defendants share common ownership, management, and control.

41. The Corporate Defendants are all operated out of the same location, namely the Atlantic Avenue Garage, and share the same phone number.

42. The Corporate Defendants share employees, administrative personnel, equipment, assets, liabilities, profits, and expenses.

43. The Corporate Defendants implemented the same or similar timekeeping and payroll policies complained of herein throughout the common enterprise.

44. At all times relevant herein, the Corporate Defendants were and are controlled by the Individual Defendants.

45. In their capacities as owners, shareholders, members, officers, directors, managers, and/or supervisors of the Corporate Defendants, the Individual Defendants have at all times relevant herein exercised operational control over the Corporate Defendants and the terms and conditions of the employment of Plaintiff and all others similarly situated.

46. Specifically, with respect to Plaintiff and other employees, the Individual Defendants had the power and authority to (i) hire and fire employees, (ii) set their work schedules, (iii) determine their rates and methods of pay, (iv) maintain employment records, and (v) otherwise affect the quality, terms, and conditions of their employment.

47. At all times relevant herein, the Individual Defendants exercised functional control over the business and financial operations of the Corporate Defendants, and had authority over all employee-related decisions, including specifically but without limitation payroll, personnel, and

wage and hour policies concerning Plaintiff and all others similarly situated.

48. At all times relevant herein, the Individual Defendants had the power to direct, restrict, regulate, govern, and/or administer the activities of the Corporate Defendants.

49. At all relevant times the Individual Defendants and the Corporate Defendants were joint employers of Plaintiff and others similarly situated as a matter of economic reality, and as a result, all of the Defendants are jointly and severally liable for all claims made herein.

*FLSA Collective Action Allegations*

50. Plaintiff brings this action as a collective action pursuant to Section 216(b) of the FLSA on behalf of himself and all other drivers, dispatchers, and other non-exempt laborers employed by Defendants on or after the date that is six years before the filing of the initial Complaint in this case ("FLSA Collective Plaintiffs").

51. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendant's decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them proper regular and overtime wages.  The FLSA claims of Plaintiff as stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

52. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to Section 216(b) of the FLSA.  The FLSA Collective Plaintiffs are readily ascertainable.  For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants.  Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

*Class Action Allegations*

53. Plaintiff brings claims for relief under the NYLL pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of himself and all other drivers, dispatchers, and other non-exempt laborers employed by Defendants on or after the date that is six years before the filing of the initial Complaint in this case ("Class Period").

54. All said persons, including Plaintiff, are referred to herein as the "Class." The members of the Class are readily ascertainable. The number and identity of the members of the Class are determinable from Defendants' records. The hours assigned and worked, the positions held, and rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under Rule 23.

55. The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, as the facts on which the calculation of that number would be based are presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

56. Plaintiff's NYLL claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants (i) failing to pay spread-of-hours wages for work days in which Class members worked greater than 10 hours; (ii) failing to pay proper wages for all hours worked; and (iii) failing to provide proper wage notices and statements that were in compliance with the requirements under the NYLL. Defendants' corporate-wide policies and practices affected all

Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member.  Plaintiff sustained similar losses, injuries, and damages as other Class members, wth such injuries and damages arising from the same unlawful policies, practices, and procedures.

57. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class.  Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

58. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants.  Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.  Because losses, injuries, and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them.  On the other hand, important public interests will be served by addressing the matter as a class action.  The adjudication of individual litigation claims would result in a great expenditure of Court and public resources, while treating the claims as a class action would result in a significant saving of these costs.  The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants

and resulting in the impairment of Class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

59. When wage and hour violations arise, current and former employees are often afraid to assert their rights. Current employees fear direct or indirect retaliation by their employers, while former employees are fearful of damage to their current or future employment. Class actions provide class members who are not named in the complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

60. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

    a. Whether Defendants employed Plaintiff and other Class members within the meaning of the NYLL;

    b. What are and were Defendants' policies and procedures regarding the types of work and labor for which Defendants did not pay the Class members properly;

    c. At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay the Class members for their work;

    d. Whether Defendants properly notified Plaintiff and other Class members of their hourly rate and overtime rate;

    e. Whether Defendants provided proper wage statements and wage and hour notices to Plaintiff and other Class members per requirements of the NYLL;

    f. Whether Defendants properly paid Plaintiff and other Class members spread-of-hours compensation per the requirements of the NYLL; and

    g.  Whether Defendant properly compensated Plaintiff and other Class members for all hours worked under the NYLL.

**FIRST CAUSE OF ACTION**
**(FLSA Collective Action)**

61. Plaintiff repeats each and every previous allegation as if fully set forth herein.

62. At all relevant times Plaintiff and the other FLSA Collective Plaintiffs were employees of the Corporate Defendants within the meaning of the FLSA, and were persons covered by and intended to benefit from the provisions of the FLSA.

63. At all relevant times the Corporate Defendants as a joint enterprise were an employer within the meaning of the FLSA.

64. At all relevant times the Corporate Defendants and the Individual Defendants were joint employers of Plaintiff and the other FLSA Collective Plaintiffs.

65. As alleged herein, Plaintiff and the other FLSA Collective Plaintiffs regularly worked regular and overtime hours for Defendants for which they were not paid, in violation of the FLSA.

66. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and the other FLSA Collective Plaintiffs for all of the hours they worked, including overtime hours, when Defendants knew or should have known such was due.

67. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and the other FLSA Collective Plaintiffs suffered damages in the form of unpaid regular and overtime wages.  Plaintiff and the other FLSA Collective Plaintiffs seek judgment in an amount to be determined at trial for these damages as well as an award of liquidated damages, interest, attorney's fees, and costs, as provided for under the FLSA.

## SECOND CAUSE OF ACTION
### (NYLL Class Action)

68. Plaintiff repeats each and every previous allegation as if fully set forth herein.

69. At all relevant times Plaintiff and the other Class members were employees of the Corporate Defendants within the meaning of the NYLL, and were persons covered by and intended to benefit from the provisions of the NYLL.

70. At all relevant times the Corporate Defendants as a joint enterprise were an employer within the meaning of the NYLL.

71. At all relevant times the Corporate Defendants and the Individual Defendants were joint employers of Plaintiff and the other Class members.

72. As alleged herein, Plaintiff and the other Class members regularly worked in excess of 10 hours per day and 40 hours per week, but were not paid all of the wages to which they were entitled under the NYLL, including regular, overtime, and spread-of-hours wages.

73. Defendants also failed to provide Plaintiff and the other Class members with accurate wage statements and wage notices, as required under the NYLL.

74. Defendants knew of and/or showed a willful disregard for the provisions of the NYLL as evidenced by their failure to compensate Plaintiff and the other Class members for all of the hours they worked, including overtime hours, when Defendants knew or should have known such was due, and their failure to provide Plaintiff and the other Class members with accurate wage statements.

75. As a direct and proximate result of Defendants' willful disregard of the NYLL, Plaintiff and the other Class members suffered damages in the form of unpaid regular, minimum-wage, overtime, and spread-of-hours wages. Plaintiff and the other Class members seek judgment in an amount to be determined at trial for these damages as well as an award of statutory penalties,

liquidated damages, interest, attorney's fees, and costs, as provided for under the NYLL.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court assume jurisdiction herein and thereafter grant the following relief:

a. Designation of Plaintiff as representative of the FLSA Collective Plaintiffs;

b. Designation of this action as a class action pursuant to Rule 23;

c. Designation of Plaintiff as representative of the Class;

d. Compensatory damages in an amount to be determined at trial, including unpaid regular, minimum-wage, spread-of-hours, and overtime wages;

e. Statutory penalties and liquidated damages pursuant to the FLSA and NYLL;

f. Pre- and post-judgment interest; and

g. Plaintiff's costs and reasonable attorney's fees;

Together with such other and further relief as the Court deems just and proper.


Dated: January 6, 2021
      New York, New York

                    LEE LITIGATION GROUP, PLLC

              By:     */s/ C.K. Lee*
                    C.K. Lee (CL 4086)
                    Anne Seelig (AS 3976)
                    148 West 24th Street, 8th Floor
                    New York, NY 10011
                    (212) 465-1180
                    *Attorneys for Plaintiff*