MINTZ & GOLD LLP
ATTORNEYS AT LAW

600 THIRD AVENUE
25TH FLOOR
NEW YORK, NEW YORK 10016

TELEPHONE (212) 696-4848
FACSIMILE (212) 696-1231
www.mintzandgold.com

November 4, 2022

**Via ECF**
The Honorable Marcia M. Henry
United States Magistrate Judge
United State District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

     Re: *Wortham v. Total Transportation Corp. et al.*,
       Case No.: 21-cv-00085 (LDH) (MMH)

Dear Judge Henry:

  We represent Defendants in the above-referenced matter and write briefly to respond to Plaintiffs' November 1, 2022 letter (ECF Doc. No. 89), in which Plaintiffs draw the Court's attention to Judge Failla's recent decision in *Rodney Sanchez v. Clipper Realty, Inc., et al.*, Case No. 21-cv-08502 (S.D.N.Y. Oct. 31, 2022) (ECF Doc. No. 89-1) ("*Sanchez*"). Contrary to the arguments in Plaintiffs' letter, *Sanchez* should not guide the Court's decision in ruling on Defendants' Motion to Compel Arbitration in this case for several reasons.

  First, the facts in *Sanchez* are distinguishable from those here. In *Sanchez*, the only named plaintiff ceased his employment 18 months before execution of the CBA amendment requiring arbitration of his statutory claims. Here, in contrast, two of the three named Plaintiffs—Mr. Leonard and Ms. Evans—were still employees of Defendants MAT-PA and Pride, respectively, at the time the CBA amendments containing the mandatory arbitration provisions were executed.[1] *See* ECF Doc. No. 82 (Def. Reply Br.) at 1; ECF Doc. No. 49 (Second Amended Complaint) ¶ 44 (conceding Ms. Evans is a current employee). Thus, the question whether a CBA amendment binds a former employee—the issue that formed the basis for Judge Failla's denial of the defendants' motion to compel arbitration in *Sanchez*—is not even relevant to whether the applicable arbitration provisions bind Mr. Leonard and Ms. Evans in this case.

---

[1] To that end, although Plaintiffs are technically correct that "at least one plaintiff left defendants' employ prior to initiating suit" in this case (*see* ECF Doc. No. 89), their letter is misleading because, in truth, only one of the three named Plaintiffs (Mr. Wortham) was no longer employed by a Defendant when the governing CBA amendment was signed.

**MINTZ & GOLD LLP**
ATTORNEYS AT LAW

Hon. Marcia M. Henry
November 4, 2022
Page 2

Further, Plaintiffs advance a single enterprise theory in this case, alleging that Defendants were all Plaintiffs' employers. If that were true (it is not), many of Defendants' CBAs would govern Plaintiffs' claims. Critically, some of the CBAs <u>already contained provisions requiring arbitration of statutory claims before the amendments</u> Plaintiffs contend are inapplicable here. For example, the CBA between GVC II and Local 1181-1061 Amalgamated Transit Union AFL-CIO, requires arbitration of disputes including rights or duties "under any federal, state, or local law." *See* ECF Doc. No. 82-7 (Pollack Reply Decl., Ex. 6) at 9-10. That CBA was executed in July 2018, more than two years before Plaintiffs even filed this action. The CBA between Maggies Paratransit and Amalgamated Transit Union Local 1181, executed in July 2016, also requires arbitration of Plaintiffs' FLSA and NYLL claims. *See* ECF Doc. No. 82-8 (Pollack Reply Decl., Ex. 7) at 13. Thus, under Plaintiffs' own theory of liability, the timing of the CBA amendments is a red herring.

Moreover, Defendants believe that *Sanchez* was incorrectly decided in any event. Judge Failla relied on *Agarunova v. Stella Orton Home Care Agency, Inc.*, 794 F. App'x 138 (2d Cir. 2020) (summary order), and several New York Appellate Division (i.e., intermediate court) cases to conclude that former employees cannot be bound by post-employment CBA amendments. But Judge Koeltl ruled otherwise in *1199 SEIU United Healthcare Workers East v. PSC Community Servs., et al.*, 500 F. Supp. 3d 588 (S.D.N.Y. 2021), albeit at a different procedural posture, finding that an amended CBA arbitration provision <u>can</u> bind former employees. The *Sanchez* defendants maintain that *PSC Community Servs.* is the more factually analogous case. To that end, the defendants in *Sanchez* are weighing their options regarding a potential interlocutory appeal.

Finally, although Judge Failla noted that she "shares Plaintiff's skepticism about the circumstances surrounding the CBA's amendment," that footnote was not determinative in her decision in *Sanchez*. *See Sanchez* at 23, n.6. And even if it were, arbitration agreements signed after plaintiffs have already sued are generally enforceable unless the plaintiffs can demonstrate that the agreements were the result of the defendant's actual or potential coercion or deception. *See Chen-Oster v. Goldman, Sachs & Co.*, 449 F. Supp. 3d 216, 255 (S.D.N.Y.), *objections overruled*, No. 10 CIV 6950 (AT) (RWL), 2021 WL 4199912 (S.D.N.Y. Sept. 15, 2021). The plaintiffs in *Sanchez*—much like Plaintiffs in this case—have not demonstrated coercion or deception. Indeed, they cannot do so because this is not a situation where vulnerable, individual employees are subjected to unequal bargaining power in direct negotiations with their employers.

For these reasons, and those set forth in Defendants' moving and reply papers, Defendants respectfully renew their request that the Court grant Defendants' Motion to Compel Arbitration.

Respectfully submitted,

/s/ *Jeffrey D. Pollack*
Jeffrey D. Pollack

cc:    All parties via ECF

2