

| | | |
|---|---|---|
| Steven W. Gold | Andrew R. Gottesman | **Senior Counsel** |
| Steven G. Mintz* | Matthew S. Seminara | Jack A. Horn |
| Jeffrey D. Pollack* | Julia B. Milne | Noreen E. Cosgrove |
| Elliot G. Sagor | James W. Kennedy | Timothy J. Quill, Jr. |
| Ira Lee Sorkin | Ryan W. Lawler* | |
| Lon Jacobs | Andrew A. Smith | **Of Counsel** |
| Steven A. Samide | Amit Sondhi | Honorable Vito J. Titone (*dec.*) |
| Scott A. Klein | Michael Mooney | *NY State Court of Appeals 1985–1998* |
| Terence W. McCormick*** | Adam K. Brody | Harvey J. Horowitz (*dec.*) |
| Robert B. Lachenauer | Andrew E. Steckler | Honorable Howard Miller |
| Roger L. Stavis | Alex J. Otchy* | *NY Appellate Div. 1999–2010* [ret.] |
| Charles A. Ross** | Philip Tafet | Alan Katz |
| Richard M. Breslow | Allison Pridmore | Eric M. Kutner |
| Barry M. Kazan* | Carli M. Aberle | Andrew P. Napolitano° |
| Craig D. Spector* | Zachary J. Turquand | Brian T. Sampson |
| Kevin M. Brown | Kellyann T. Ryan | Erica Nazarian |
| Alexander H. Gardner | Jason Leach**** | Tara Shamroth |
| Heath Loring | Sitie "Esther" Tang | Jared Van Vleet |
| Peter Guirguis | | |

*Also admitted in New Jersey
**Also admitted in Florida
***Also admitted in California
****Also admitted in Texas

°Admitted to practice only before all courts
in New Jersey and all Federal Courts in New York City

June 28, 2024

**Via ECF**
The Honorable Lara K. Eshkenazi
United States Magistrate Judge
United State District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:  *Toussaint Wortham, et al. v. Total Transportation Corp. et al.*,
            Case No.: 21-cv-00085 (LDH) (LKE)

Dear Judge Eshkenazi:

      This firm represents Defendants in the above-referenced matter. We write in opposition to Plaintiffs' June 27, 2024 letter (ECF No. 102), in which Plaintiffs ask the Court to lift the stay of discovery in this case and set an initial conference date. The stay should not be lifted for the reasons set forth below.

      On March 28, 2022, Defendants fully briefed their motion to compel arbitration in this action, which motion District Judge LaShann DeArcy Hall referred to Magistrate Judge Marcia M. Henry for report and recommendation. *See* ECF Nos. 68-82; May 5, 2022 ECF Dkt. Entry. Thereafter, on May 19, 2022, Judge Henry entered an order staying discovery "pending resolution of Defendants' motion to compel arbitration[.]" *See* May 19, 2022 ECF Dkt. Entry. On May 31, 2024, Judge Henry issued her Report and Recommendation ("R&R") denying Defendants' motion to compel because she found that Defendants had waived their right to arbitrate. Defendants filed timely objections to that R&R, which objections remain pending



before Judge Hall. *See* ECF Nos. 99, 101. As such, Defendants' motion to compel arbitration has not yet been resolved. The stay should remain in place for this reason alone.

Further, Judge Henry stayed discovery on May 19, 2022, because "at least two of the three factors weigh[ed] in favor of a stay, especially because a motion to compel arbitration is pending." *See* May 19, 2022 ECF Dkt. Entry. Specifically, in addition to the pending motion to compel arbitration, Judge Henry found that (1) Plaintiffs' discovery requests were broad; and (2) Plaintiffs would not suffer undue prejudice from a stay because the statute of limitations would be tolled until entry of a Rule 26 scheduling order. *See id.* Since entry of the stay, the status of this case, and the analysis of those relevant factors, have not changed. Plaintiffs continue to pursue broad discovery. Indeed, based on the parties' meet and confer, we understand that Plaintiffs intend to seek class discovery, from 2015 to the present, relating to all bus driver employees of all twelve Defendants named in this action—including discovery related to those employees whose claims would be subject to arbitration if Judge Hall were to adopt Defendants' objections to the R&R. Second, the statute of limitations remains tolled, so Plaintiffs would not be prejudiced were the stay to remain in place. And third, as noted above, in light of Defendants' objections to the R&R, the motion to compel arbitration has not been resolved. Thus, the same factors that warranted a stay on May 19, 2022, justify continuation of the stay today.

Finally, although Defendants do not object to the R&R with respect to <u>Mr. Wortham's</u> claims against the three Defendants for whom he alleges he worked (because he left his employment before the mandatory arbitration provisions were adopted), Defendants <u>do</u> object with respect to Ms. Evans's and Mr. Leonard's claims because Ms. Evans and Mr. Leonard were employed when (or after) the arbitration provisions were adopted. If Judge Hall were to agree with Defendants' objections, both Ms. Evans's and Mr. Leonard's claims would be arbitrable, as would the potential claims of anyone who was employed when (or after) his or her respective union and Defendant-employer adopted the arbitration provisions. Further, Defendants intend to move to dismiss claims against seven Defendants for whom Plaintiffs do not even allege they worked.[1] Judge Hall previously denied Defendants' request to move for partial dismissal, but with leave to renew pending resolution of the motion to compel arbitration. *See* April 19, 2022 ECF Dkt. Entry. Thus, the scope of this case (and the scope of discovery) depends on several complex preliminary questions that have yet to be answered, including questions regarding which claims may be subject to arbitration and which claims may be subject to dismissal. At a minimum, the Court should await clarity regarding which, if any, of Plaintiffs' claims are

---

[1] Plaintiffs assert claims against twelve Defendants, but their claims against seven of those twelve—Total Transportation Corp.-NY, Total Transportation Corp.-Penn., Brooklyn Transportation Corp., Maggies Paratransit Corp., GVC II Inc., MAT Bus Corp. NY, and 21st Ave Bus Corp. (collectively, the "Non-Employer Defendants")—are premised solely on a single integrated enterprise theory. *See generally* ECF No. 49. The allegations in Plaintiffs' Second Amended Complaint fail to support such a theory and Defendants therefore intend to move for partial dismissal for failure to state a claim under Rule 12(b)(6).



arbitrable before judicial and party resources are spent on discovery related to claims that may not even proceed in this litigation. The stay should remain in place for this reason as well.

If, despite these considerations, Your Honor is inclined to lift the stay of discovery, Defendants propose that the stay be lifted <u>only with respect to Mr. Wortham's claims against the three Defendants for whom he alleges he worked (Bella Bus Corp., L&M Bus Corp., and Pride Transportation Services, Inc.)</u>. These are the only claims asserted by named Plaintiffs that would proceed in this case if Judge Hall were to adopt Defendants' objections to the R&R and find that Defendants did not waive their right to arbitrate.

For all these reasons, Defendants respectfully request that the Court keep the stay in place until Judge Hall fully resolves Defendants' motion to compel arbitration (including Defendants' objections to the R&R). We are available for further briefing or oral argument on this issue should Your Honor deem it worthwhile.

Respectfully submitted,

/s/ *Jeffrey D. Pollack*
Jeffrey D. Pollack

cc: All parties via ECF