UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

TOUSSAINT WORTHAM, et al.,

                             Plaintiffs,

-against-

TOTAL TRANSPORTATION CORP., A NEW YORK CORPORATION, et al.,

                             Defendants.

**MEMORANDUM AND ORDER ADOPTING REPORT AND RECOMMENDATION**

21-cv-85 (LDH) (LKE)

---

LaSHANN DeARCY HALL, United States District Judge:

      Toussaint Wortham, Marcell Leonard, and Mary Evans ("Plaintiffs") commenced this action against Total Transportation Corp. (New York) ("TTC NY"), Total Transportation Corp. (Pennsylvania) ("TTC Penn"), Pride Transportation Services Inc. ("Pride"), Brooklyn Transportation Corp. ("Brooklyn"), Bella Bus Corp. ("Bella"), Quality Transportation Corp. ("Quality"), L&M Bus Corp. ("L&M"), Maggies Paratransit Corp. ("Maggies"), GVC II Inc. ("GVC"), MAT Bus Corp. (New York) ("MAT-NY"), MAT Bus Corp. (Pennsylvania) ("MAT-PA"), 21st Ave Bus Corp. ("21st Ave."), Agostino Vona, and John Cronin (collectively, "Defendants"), bus operating companies in New York and Pennsylvania, alleging violations of the Fair Labor Standards Act ("FLSA"), New York Labor Law ("NYLL"), and the Pennsylvania Minimum Wage Act ("PMWA").

## BACKGROUND

      Plaintiffs are bus drivers who were employed by one or more defendants at various times between 2017 and 2021. Defendants are transportation companies that provide bus services for

1

schools, adults with special needs, homeless shelters, and elderly and disabled persons throughout New York and Pennsylvania.  (Second Am. Compl. ("SAC") ¶ 6, ECF No. 49.)  On January 6, 2021, Wortham brought this action against Defendants TTC NY, Pride, Brooklyn, Bella, Quality, L&M, Maggies, GVC II, MAT-NY, 21st Ave., Agostino Vona, and John Cronin, alleging violations of the FLSA and NYLL for "time shaving," failure to pay overtime premiums, and failure to pay spread of hours premiums.  (*See generally* Compl., ECF No. 1.)  The parties then engaged in extensive motion practice.

On March 30, 2021, Defendants TTC NY, Pride, Brooklyn, Bella, Quality, L&M, Maggies, GVC II, MAT-NY, 21st Ave., Agostino Vona, and John Cronin requested a pre-motion conference in anticipation of a motion to dismiss.  (*See generally* Defs.' March 30th PMC Ltr., ECF No. 14.)  In response, Plaintiffs filed the First Amended Complaint ("FAC"), eliminating claims against the individual defendants.  (*See* FAC, ECF No. 17.)  Defendants again sought leave to file a motion to dismiss.  (*See generally* Defs.' May 14 PMC Ltr., ECF No. 19.)  While that motion was pending, in June 2021, Wortham moved for conditional certification of a collective action and requested leave to file a motion to amend the complaint a second time, which Defendants opposed.  (Pls.' Ltr. re. Mot. Certify Conditional Collective, ECF No. 24; Pls.' Ltr. re. Mot. Amend, ECF No. 26; Defs.' Ltr. Resp. Mot. Amend, ECF No. 27.)  The Court granted leave, and in July 2021, Plaintiffs moved to amend.  (*See* Pls.' Mot. Amend, ECF Nos. 30–31.)  In opposition, Defendants argued that Plaintiffs' claims against Maggies and GVC II were futile because employees of those Defendants are governed by collective bargaining agreements that contain mandatory arbitration provisions governing wage disputes.  (*See* Defs.' Opp'n Mot. Amend at 16, ECF No. 36.)  However, Defendants did not seek to enforce the arbitration provisions at that time.  (*See id.*)

By Minute Order dated December 3, 2021, Judge Henry granted Plaintiffs leave to amend and directed the parties to submit a discovery schedule.  Plaintiffs filed the Second Amended Complaint on December 9, 2021.  (*See* SAC.)  Less than two weeks later, on December 22, 2021, Defendants filed a pre-motion letter in anticipation of a motion to compel arbitration and partial motion to dismiss the Second Amended Complaint.  (*See* Defs.' Dec. 22 Ltr., ECF No. 50.)  Defendants' motion to compel arbitration and partial motion to dismiss was fully briefed on March 28, 2022.  (*See* ECF Nos. 68–82.)  The Court denied Defendants' motion to dismiss with leave to renew and referred the motion to compel arbitration to Judge Henry for a report and recommendation.

On May 31, 2024, Judge Henry issued a report and recommendation ("R&R"), recommending that Defendants' motion to compel arbitration be denied.  (*See* R&R at 19–20, ECF No. 99.)  Judge Henry found that no mandatory arbitration provisions apply to Wortham because he was no longer employed by any Defendants when the collective bargaining agreement addenda were executed.  (*Id*. at 15 (citing *Sanchez v. Clipper Realty, Inc.* 638 F. Supp. 3d 357, 371 (S.D.N.Y. 2022)).)  In contrast, Judge Henry found that arbitration provisions are enforceable as to Plaintiffs Evans and Leonard, who were employees of Defendants Pride and MAT-PA, respectively, when those addenda were executed.  (*Id*. at 15–16.)  However, Judge Henry found the arbitration provisions unenforceable because Defendants had waived their right to arbitration.  (*Id*. at 17.)  Specifically, Judge Henry found that Defendants waived their right under each test applied in the Second Circuit:  (1) the "stripped-down arbitration standard" and (2) the "general waiver test")[1].  The stripped-down arbitration standard considers the time

---

[1] To determine whether a party had waived its right to arbitrate, Second Circuit courts traditionally considered three factors:  "(1) the time elapsed from when litigation was commenced until the request for arbitration; (2) the amount of litigation to date, including motion practice and discovery; and (3) proof of prejudice." *Deng v. Frequency Electronics, Inc.*, 640 F. Supp. 3d 255, 263 (E.D.N.Y. Nov. 14, 2022).  In *Morgan v. Sundance, Inc.*, 596 U.S. 411,

elapsed from when litigation was commenced until the request and the amount of litigation to date, including motion practice and discovery. Under this test, Judge Henry found that Defendants waived any right to arbitrate because they engaged in motion practice and substantive litigation, including producing voluminous discovery, for eleven months before invoking their right to arbitrate. (*Id.* at 18.) Judge Henry found that this conduct also supported a finding that Defendants "knowing[ly] relinquished" the right to arbitrate under the general waiver test, which requires "a clear manifestation of intent . . . to relinquish [a] known right." (*Id.* at 19 (citing *Morgan*, 596 U.S. at 419).)

Defendants filed a timely objection to the R&R on June 21, 2024.[2] Defendants argue that Judge Henry correctly found the arbitration provisions enforceable as to Plaintiffs Evans and Leonard but reached the wrong conclusion on waiver under both standards. (*See generally* Defs.' Obj. R&R ("Defs.' Obj."), ECF No. 101.)

## STANDARD OF REVIEW

When deciding whether to adopt a report and recommendation, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The Court conducts a *de novo* review of those portions of a report and recommendation to which a party submits a timely objection. 28 U.S.C.

---

417 (2022), the Supreme Court eliminated the prejudice factor but did not clarify whether courts should (1) continue using the existing three-factor test but omit the prejudice prong (the "stripped-down arbitration standard") or (2) apply a general test for waiver that applies in any other contractual dispute, which provides that "[a] contractual right may be waived if it is 'knowingly, voluntarily and intentionally abandoned'" (the "general waiver test"). *See Herrera v. Manna 2d Ave. LLC*, 20-CV-11026, 2022 WL 2819072, at *7 (S.D.N.Y. July 18, 2022) (citing *Luitpold Pharms., Inc. v. Ed. Geistlich Sohne A.G. Fur Chemische Industrie*, 784 F.3d 78, 95 (2d Cir. 2015)). Therefore, following *Morgan*, some courts have applied the general waiver test, while others continued to use the traditional test without considering prejudice. *Compare, e.g., Herrera*, 2022 WL 2819072, at *8–9 (applying the general waiver test), with *De Jesus v. Gregorys Coffee Mgmt., LLC*, No. 20-CV-6305, 2022 WL 3097883, at *7 (E.D.N.Y. Aug. 4, 2022) (applying the stripped-down arbitration standard).

[2] On June 12, 2024, the Court granted Defendants' motion for an extension of time to June 21, 2024 to file objections to the R&R.

§ 636(b)(1)(C). "To accept those portions of the report to which no timely objection has been made, 'the district court need only satisfy itself that there is no clear error on the face of the record.'" *Estate of Ellington ex rel. Ellington v. Harbrew Imports Ltd.*, 812 F. Supp. 2d 186, 189 (E.D.N.Y. 2011) (quoting *Urena v. New York*, 160 F. Supp. 2d 606, 609–10 (S.D.N.Y. 2001)).

## DISCUSSION

"The Federal Arbitration Act ("FAA") provides that written agreements to arbitrate are 'valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.'" *Starke v. SquareTrade, Inc.*, 913 F.3d 279, 288 (2d Cir. 2019) (quoting 9 U.S.C. § 2). Federal policy strongly favors arbitration, and waiver of the right to arbitrate "is not to be lightly inferred." *Thyssen, Inc. v. Calypso Shipping Corp., S.A.*, 310 F.3d 102, 104–05 (2d Cir. 2002). Waiver "is the intentional relinquishment or abandonment of a known right." *Morgan v. Sundance, Inc.*, 596 U.S. 411, 417 (2022).

Because Defendants do not object to Judge Henry's recommendation as to the enforceability of the arbitration provisions against Plaintiffs, (Defs.' Obj. at 10), the Court reviews those portions of the R&R for clear error. *See Estate of Ellington*, 812 F. Supp. 2d at 189. Finding no error, the Court adopts Judge Henry's finding that no mandatory arbitration provisions apply to Plaintiff Wortham and that arbitration provisions are enforceable as to Plaintiffs Evans and Leonard.

Defendants object to Judge Henry's finding that they waived any right to enforce arbitration provisions against Plaintiffs Evans and Leonard. Accordingly, the Court reviews those portions of the R&R de novo. 28 U.S.C. § 636(b)(1)(C). Judge Henry found that Defendants waived their right to arbitration under the stripped-down arbitration standard because Defendants engaged in substantive litigation for eleven months before moving to compel

5

arbitration. (R&R at 18.) In finding that Defendants waited eleven months to invoke their right to arbitrate, Judge Henry considered the time that elapsed between the January 2021 filing of Plaintiff's original complaint (ECF No. 1) and the December 2021 filing of Defendant's pre-motion letter in anticipation of their motion to compel arbitration (ECF No. 22). (R&R at 18.) However, in Defendants' view, Judge Henry should have only considered the time that elapsed since December 9, 2021, when Evans and Leonard were first named in the action as plaintiffs to the Second Amended Complaint. (Defs.' Obj. at 19.)[3] The Court agrees.

Both the original complaint, filed on January 6, 2021, and the FAC, filed on April 30, 2021, named only Plaintiff Wortham, to whom the arbitration provisions do not apply. (*See* ECF Nos. 1, 17.) Accordingly, Defendants had no basis to move to compel arbitration until December 9, 2021, when Plaintiffs Evans and Leonard were named in the action. (*See* SAC, ECF No. 49.) On December 22, 2021, Defendants filed a pre-motion letter, partially in anticipation of their motion to compel arbitration. (*See generally* Defs.' Dec. 22 Ltr.) This two-week lapse certainly cannot be said to militate in favor of a finding that Defendants waived their right to compel arbitration as to Plaintiffs Evans and Leonard. *Cf. Shearson Lehman Hutton, Inc. v. Wagoner*, 944 F.2d 114, 122 (2d Cir. 1991) (no waiver despite three-year delay in asserting arbitration right); *De Jesus v. Gregorys Coffee Mgmt., LLC*, No. 20-CV-6305, 2022 WL 3097883, at *8 (E.D.N.Y. Aug. 4, 2022) (declining to find that eight-month delay in seeking right to arbitration supported a finding of waiver); *In re Generali COVID-19 Travel Ins. Litig.*, 577 F. Supp. 3d 284,

---

[3] When reviewing objections to a magistrate judge's report and recommendation, a district court will ordinarily refuse to consider new arguments, evidence, or law that could have been, but was not, presented to the magistrate judge. *Kruger v. Virgin Atl. Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013). Defendants raise, for the first time in their objections to the R&R, that Judge Henry should have only considered the time that elapsed since December 9, 2021, when Evans and Leonard first appeared in the action as plaintiffs to the Second Amended Complaint. Because this argument arises out of the R&R's finding that Plaintiff Wortham was not subject to any arbitration provisions, Defendants could not have presented it for Judge Henry's consideration. Accordingly, the Court considers it as part of de novo review.

6

294 (S.D.N.Y. 2021) (refusing to find waiver after approximately one year delay in seeking right to arbitration).

In assessing the amount of litigation activity as part the of the stripped-down arbitration analysis, courts evaluate any motion practice in which the parties have engaged and the extent of discovery that the parties have exchanged. *LifeTree Trading Pte. Ltd. v. Washakie Renewable Energy, LLC*, 764 F. App'x 105, 107 (2d Cir. 2019). Because Defendants had no basis to move to compel arbitration before the SAC was filed on December 9, 2021, the Court should begin by assessing the amount of litigation activity from that date. *See Commercial Lubricants v. Safety-Kleen Systems, Inc.*, No. 14-CV-7483, 2018 WL 5045760, at *8 n. 6 (E.D.N.Y. Oct. 17, 2018) (holding that the court's assessment of litigation activity should start with the filing of the second amended complaint, the first time defendant was on notice of an arbitrable claim, because "[d]efendant could not seek to arbitrate a claim that did not exist" before filing of second amended complaint). Since December 9, 2021, when the Second Amended Complaint was filed, nearly all of the activity in this action has pertained to Defendants' motion to compel arbitration. Indeed, the docket reflects the parties' pre-motion letters in anticipation of Defendants' motion to compel arbitration, the parties' letters disputing whether to stay discovery during the pendency of the motion, and the briefing on the motion.  (*See* ECF Nos. 50, 52, 54, 56–60, 62, 66–90). The lack of substantive motion practice, save the motion to compel arbitration, weighs against a finding of waiver. *See Commercial Lubricants*, 2018 WL 5045760, at *8. The lack of discovery the parties have exchanged since December 9, 2021, also counsels against a finding of waiver. *See LifeTree Trading Pte. Ltd.*, 764 F. App'x at 107. Notably, despite Plaintiff's repeated requests to the contrary, Defendants proactively sought to stay discovery pending the resolution of their motion to compel arbitration. (*See* ECF Nos. 53–60.) And on May 19, 2022, Judge

7

Henry stayed discovery in this action. Accordingly, the Court finds that the litigation activity in this action since Defendants indicated their intention to invoke their right to compel arbitration weighs against a finding of waiver.

The same conclusion follows under the general waiver analysis, which evaluates whether Defendants "knowingly relinquish[ed]" the right to arbitrate. *Morgan*, 596 U.S. at 419; *see also Herrera v. Manna 2d Ave. LLC,* 20-CV-11026, 2022 WL 2819072, at *8 (S.D.N.Y. July 18, 2022) ("Waiver requires 'a clear manifestation of an intent . . . to relinquish [a] known right.'") (quoting *Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of N.J.*, 448 F.3d 573, 585 (2d Cir. 2006)). The R&R concludes that Defendants' failure to move to compel arbitration sooner supports a finding that Defendant knowingly waived the right to seek arbitration under the general waiver test because doing so "would have obviated the need for the discovery and motion practice during the first eleven months of the case." (R&R at 19.) However, as Defendants argue, Plaintiffs would have been entitled to discovery regarding Wortham's claims regardless of an earlier motion to compel because, under *Sanchez*, the arbitration provision is not enforceable against him. 638 F. Supp. 3d at 371. Thus, the fact that Defendants produced discovery as to Plaintiff Wortham does not support a finding of waiver as to Plaintiffs Evans or Leonard under the general waiver test. Instead, Defendants affirmatively sought to compel arbitration less than two weeks after Plaintiff filed the SAC on December 9, 2021. (*See* SAC, Defs.' Dec. 22 Ltr.) Accordingly, Defendants' conduct reflects no intention to relinquish their right to arbitration as to Plaintiffs Evans or Leonard.

## CONCLUSION

For the foregoing reasons, the R&R is ADOPTED in part and REJECTED in part. Defendants' motion to compel arbitration is GRANTED as to Plaintiffs Evans and Leonard and DENIED as to Plaintiff Wortham.

SO ORDERED.

Dated: Brooklyn, New York
      October 2, 2024

/s/ LDH
L<small>A</small>SHANN D<small>E</small>ARCY HALL
United States District Judge