UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TOUSSAINT WORTHAM, *et al.* <br><br> Plaintiffs, <br><br> -against- <br><br> TOTAL TRANSPORTATION CORP., A NEW YORK CORPORATION, et al., <br><br> Defendants. | **MEMORANDUM AND ORDER** <br><br> 21-CV-00085 (LDH) (LKE) |

LaSHANN DeARCY HALL, United States District Judge:

Presently before the Court is Mary Evans's ("Plaintiff Evans") motion for reconsideration, (Pl.'s Mot. for Reconsider. ("Pl.'s Mot."), ECF No. 108) of this Court's October 2, 2024 Memorandum and Order (the "Memorandum and Order") concerning Total Transportation Corp. (New York), Total Transportation Corp. (Pennsylvania), Pride Transportation Services Inc. ("Pride"), Brooklyn Transportation Corp., Bella Bus Corp., Quality Transportation Corp. ("Quality"), L&M Bus Corp., Maggies Paratransit Corp., GVC II Inc., MAT Bus Corp. (New York), MAT Bus Corp. (Pennsylvania), 21st Ave Bus Corp.'s (collectively, "Defendants") motion to compel arbitration. (*See* Mem. and Order, dated Oct. 2, 2024 ("Oct. 2, 2024 M&O"), ECF No. 107.)

## BACKGROUND

The Court assumes the parties' general familiarity with this litigation and recites only the facts relevant to Plaintiff Evan's motion for reconsideration. On December 9, 2021, Plaintiff Evans, Toussaint Wortham ("Plaintiff Wortham"), and Marcell Leonard ("Plaintiff Leonard")

1

filed a Second Amended Class and Collective Action Complaint (the "SAC") against Defendants, on behalf of themselves and all others similarly situated. (Second Am. Compl., ECF No. 49.) In the SAC, Plaintiff Evans alleges violations of the Fair Labor Standards Act (the "FLSA") and the New York Labor Law (the "NYLL"). (Second Am. Compl. ¶¶ 86-101.)

On October 2, 2024, the Court adopted, in part, a report and recommendation (the "R&R") authored by Magistrate Judge Marcia M. Henry concerning Defendants' motion to compel arbitration. (Oct. 2, 2024 M&O.) As is relevant here, the R&R recommended that the Court deny Defendants' motion to compel Plaintiff Wortham to arbitration because Plaintiff Wortham was no longer employed by any of the Defendants at the time they executed the collective bargaining agreement ("CBA") addendums containing the arbitration provisions at issue. (R&R at 13-15, ECF No. 99.) That is, the R&R reasoned that, "[b]ecause [Plaintiff] Wortham was no longer an employee at the time of the execution of the CBA addenda in February 2022, and thus no longer a represented union member, he cannot be retroactively bound by the arbitration clause" Defendants seek to enforce against Plaintiff Wortham. (*Id.* at 15.) However, with respect to Plaintiffs Evans and Leonard, the R&R concluded that, although certain arbitration provisions are enforceable against them, Defendants waived any right to enforce these arbitration provisions in this action. (*Id.* at 18-19.)

Ultimately, when this Court adopted the R&R, the Court accepted the R&R's reasoning with respect to Plaintiff Wortham but rejected the conclusion reached with respect to Plaintiffs Evans and Leonard upon Defendants' objection. The Court held that neither the stripped-down arbitration standard nor the general waiver analysis supported a conclusion that Defendants waived their right to compel Plaintiffs Evans and Leonard to arbitration. (Oct. 2, 2024 M&O at 6-8.) And, because the Court agreed that certain arbitration provisions were enforceable as to

2

Plaintiffs Evans and Leonard, the Court granted Defendants' motion to compel Plaintiff Evans to arbitration. (*Id.* at 6-9.)

## DISCUSSION

"The standard for granting . . . a motion [for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotation marks and citation omitted). Of course, "a motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader*, 70 F.3d at 257. And, "[t]he decision to grant or deny a motion for reconsideration is within the sound discretion of the district court." *Mauze v. CBS Corp.*, No. 15-CV-4905, 2019 WL 8137641, at *2 (E.D.N.Y. Jan. 23, 2019) (citation omitted). That said, a court may grant a motion for reconsideration where there is a need to prevent manifest injustice. *Virgin Atlantic Airways. Ltd. v. National Mediation Board*, 956 F.2d 1245, 1255 (2d Cir.1992). Here, a need to prevent manifest injustice is present.

In her reconsideration motion, Plaintiff Evans argues that the Court committed clear error by broadly concluding all arbitration provisions pursuant to which Defendants seek to compel her to arbitration are enforceable against her. (Pl.'s Mot. at 1-3.) That is, Plaintiff Evans argues that the Court should have distinguished the arbitration agreements as to her and, instead, found

3

that the arbitration provisions in the Pride CBA addendum, not those in the Quality CBA addendum, are enforceable against her. (*Id.*) [1]

In the Memorandum and Order, the Court denied Defendants' motion to compel arbitration as to Plaintiff Wortham because he was no longer an employee of any of the Defendants at the time they executed the addendums in February 2022, which contained the arbitration provisions Defendants sought to enforce against Plaintiff Wortham. (Oct. 2, 2024 M&O at 3, 5.) As the R&R explained, this conclusion was based on the well supported principle "that arbitration agreements executed after a plaintiff's employment ends do not bind that plaintiff." (R&R at 15 (citing *Teshabaeva v. Family Home Care Servs. of Brooklyn and Queens, Inc.*, 156 N.Y.S.3d 21, 22 (N.Y. App. Div. 2021); *Hichez v. United Jewish Council of the East Side*, 117 N.Y.S.3d 214, 215–16 (N.Y. App. Div. 2020).) Upon reconsideration, this principle equally applies to Plaintiff Evans with respect to whether she can be compelled to arbitration pursuant to the arbitration provisions contained in the agreement reached between Quality and Transport Workers Union Local 100 (the "Quality CBA Addendum"). Indeed, Defendants confirmed that the Quality CBA Addendum was executed on March 28, 2022, and Plaintiff Evans ceased being employed by Quality in October 2017—more than four years after the Quality CBA Addendum was executed. (Defs.' Opp'n. Pl.'s Mot. Reconsider. ("Defs.' Opp'n") at 1, ECF No. 113.) As such, it would manifest injustice for this Court to hold Plaintiff Evans is bound by the Quality CBA Addendum because the Court would be recognizing a well-

---

[1] Defendants correctly point out that Plaintiff Evans improperly raises this argument for the first time in this action in her reconsideration motion. That said, and notwithstanding this newly formed argument, the facts raised by Plaintiff Evans—specifically, the temporal relationship between her employment with Quality and Pride—were previously presented to the Court in the SAC. (*See* Second Am. Compl. ¶¶ 44, 48 (indicating that Plaintiff Evans began working for Quality on or around June 3, 2017, until she transferred to working for Pride in or around October 2017).) As such, these facts are appropriate for the Court's consideration on the instant motion. *Cf. McBeth v. Gabrielli Truck Sales, Ltd.*, 768 F. Supp. 2d 392, 395 (E.D.N.Y. 2011) ("A party seeking reconsideration may not 'advance new facts, issues or arguments not previously presented to the Court.'" (citations omitted)).

4

established principle with respect to Plaintiff Wortham—that arbitration agreements executed after a plaintiff's employment ends do not bind that plaintiff—but ignoring the same with respect to Plaintiff Evans. Accordingly, the Court holds that the arbitration provisions in the Quality CBA Addendum are not enforceable against Plaintiff Evans. To be clear, the Court leaves undisturbed its prior determination that the arbitration provisions in Pride's CBA addendum are enforceable against Plaintiff Evans.

## CONCLUSION

For the foregoing reasons, Plaintiff Evan's motion for reconsideration is GRANTED.

SO ORDERED.

Dated: Brooklyn, New York  
      September 30, 2025

/s/ LDH  
LaSHANN DeARCY HALL  
United States District Judge